```
1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
2

3

    UNITED STATES OF AMERICA,    )
4                                )
                 Plaintiff,      )
5   vs.                          ) Case No: 17-00083(PG)
                                 )
6   ALEXYS IVAN RIVERA-CUEVAS,   )
                                 )
7                Defendant.      )

8
    _____
9

10            TRANSCRIPT OF CHANGE OF PLEA HEARING
                           HELD BEFORE
11         THE HONORABLE JUDGE JUAN M. PEREZ-GIMENEZ
                   Thursday, August 24, 2017
12
    _____
13

14
                        A P P E A R A N C E S
15

16
    For the United States:
17
            Mr. David Thomas Henek, AUSA
18

19  For the Defendant:

20          Mr. Tim Bower-Rodriguez, Esq.

21

22

23

24

25
```

```
 1                  (PROCEEDINGS COMMENCED AT 11:02 A.M.)
 2
 3                  DEPUTY CLERK:  Criminal Case 17-83, United States
 4     of America versus Alexys Ivan Rivera-Cuevas.  Case called
 5     for change of plea.  On behalf of the Government, Assistant
 6     U.S. Attorney David Thomas Henek.  On behalf of the
 7     defendant, Tim Bower-Rodriguez.  The defendant is present
 8     and he will be assisted by the official court interpreter.
 9                  MR. HENEK:  Good morning, Your Honor.  The
10     Government is ready to proceed.
11                  MR. BOWER:  Good morning, Your Honor.  We are
12     ready to proceed.
13                  THE COURT:  The matter is before the Court this
14     morning for change of plea.
15                  May I have Defendant's full name for the record.
16                  THE DEFENDANT:  Alexys Rivera-Cuevas.
17                  THE COURT:  And how old are you, sir?
18                  THE DEFENDANT:  23.
19                  THE COURT:  What is the extent of your education?
20                  THE DEFENDANT:  Third year of college.
21                  THE COURT:  And how do you feel this morning?
22                  THE DEFENDANT:  Fine.
23                  THE COURT:  Have you taken any drugs, pills or
24     medicines within the last 24 hours?
25                  THE DEFENDANT:  No.
```

1          THE COURT:  Do you realize you are in a courtroom?
2          THE DEFENDANT:  Yes.
3          THE COURT:  And you are here to change your plea
4  of not guilty to one of guilty as to Count One?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Do you know what you have been charged
7  with in Count One?
8          THE DEFENDANT:  Yes.
9          THE COURT:  So there is no need for me to read to
10  you the charges at this time?
11          THE DEFENDANT:  No.
12          THE COURT:  Have you had enough time to consult
13  with your attorney before this morning?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Are you satisfied with his services up
16  to now?
17          THE DEFENDANT:  Yes.
18          THE COURT:  At this time I find Mr. Rivera-Cuevas
19  competent to plead.  The way we are going to proceed is I am
20  going to continue asking you questions.  If you do not
21  understand my question, you may ask me to repeat the
22  question to you.  If you have any doubts as to the answers
23  you are to give to my questions, your attorney is standing
24  next to you, and you may consult with him at anytime.  Do
25  you understand that?

1                    THE DEFENDANT:  Yes.
2                    THE COURT:  Now, if you had decided to go to trial
3        instead of pleading guilty to Count One, has your attorney
4        explained to you that you have a right to trial by jury on
5        the charges contained in Count One of the indictment?
6                    THE DEFENDANT:  Yes.
7                    THE COURT:  Did he also explain to you that during
8        the course of said trial, you would be presumed to be
9        innocent, it would be the Government who would have the
10       burden of proving you guilty beyond a reasonable doubt
11       before you could be found guilty, and that you did not have
12       to prove that you were innocent?
13                   THE DEFENDANT:  Yes.
14                   THE COURT:  Did he also explain to you that if you
15       had decided to go to trial, you would come to this
16       courtroom, here you would be able to see and to hear all the
17       witnesses who would testify for the Government, you would
18       also see any documents or other exhibits or evidence that
19       the Government would present during its case in chief;
20       through your attorney, who would be here with you, the
21       witnesses for the Government could be crossed, and also any
22       evidence to be presented by the Government could be objected
23       to through your -- objections filed by your attorney?  Were
24       you explained that?
25                   THE DEFENDANT:  Yes.

1          THE COURT:  Also, if you decided to go to trial,
2    you would have the right to present any evidence on your own
3    behalf.  Any witnesses, any documents or other evidence
4    which you might want to present here in court, you would
5    have a right to do so.  Were you explained that?
6          THE DEFENDANT:  Yes.
7          THE COURT:  And also, if you had decided to go to
8    trial, you would have the right to take the witness stand
9    and testify on your own behalf or not testify, and if you
10   decided not to testify, no member of the jury could vote or
11   decide that you were guilty just because of the fact that
12   you did not testify.  Do you understand that?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Now, by pleading guilty this morning,
15   we will not have a trial, and I will enter a judgment of
16   guilty and sentence you after considering a presentence
17   report.  Do you understand that?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Also by pleading guilty this morning,
20   you will waive the right that you have not to incriminate
21   yourself.  This means that you don't have to make any
22   statements or make any admissions to the Government, and
23   that the rights that I have explained to you, you would
24   waive those rights.  Do you understand that?
25         THE DEFENDANT:  Yes.

1        THE COURT:  Also, by pleading guilty, the Court
2   will sentence you based on a plea of guilty and after
3   considering a presentence report.  Do you understand that?
4        THE DEFENDANT:  Yes.
5        THE COURT:  Now that I have explained to you the
6   rights that you have and the fact that you are waiving these
7   rights by pleading guilty, do you still wish to plead guilty
8   to Count One?
9        THE DEFENDANT:  Yes.
10       THE COURT:  Has your attorney explained to you
11  what the maximum possible penalty provided by the law is?
12       THE DEFENDANT:  Yes.
13       THE COURT:  And what was it that he explained to
14  you?  Do you recall?
15       THE DEFENDANT:  Yes.
16       THE COURT:  And what was it that he explained to
17  you?
18       THE DEFENDANT:  The maximum for the case would be
19  five years.
20       THE COURT:  A fine that could go up to $250,000;
21  is that part of the explanation that he gave?
22       MR. BOWER:  Judge, I did not discuss the fines
23  with my client.
24       THE COURT:  All right. Well, the law provides
25  that the Court could impose a fine that could go up to

1        $250,000.
2                   And a term of supervised release, was that
3        explained to you?
4                   THE DEFENDANT:  No.
5                   THE COURT:  Okay.  I believe there is a term of
6        supervised release of not less than two, no more than three
7        years.  Is that what it is?
8                   MR. BOWER:  Yes, Judge.
9                   THE COURT:  Okay.  And a $100 special monetary
10       assessment.
11                  THE DEFENDANT:  Yes.
12                  MR. HENEK:  Your Honor, if I may.  Just for the
13       record, I want to clarify, because I have a maximum
14       statutory penalty of a term of imprisonment not to exceed
15       ten years, pursuant to 18 U.S. Code 924(a)(2), not five
16       years.
17                  THE COURT:  That's what I thought.
18                  MR. BOWER:  Judge, we discussed -- I'm sorry.  We
19       discussed the maximum penalties, but this was back in May.
20       So we, obviously, met subsequent to that, and including
21       prior to this morning, and over the telephone by legal call
22       and in person at Bayamon 705, but some of those details --
23       it has been a little bit of time since we have discussed
24       them.
25                  THE COURT:  In any event, there is no mandatory

```
 1   minimum.  The maximum provided by the law is ten years of
 2   imprisonment, not five.  He may have a notion of five based
 3   on the guideline.  I don't know what the guideline is, but
 4   that would be cleared up later on.
 5            So that you have that clear, the law provides,
 6   Title 18 United States Code Section 922(g)(1), a maximum
 7   term of imprisonment of ten years, a fine that could go up
 8   to $250,000 -- a fine which could be optional -- that means
 9   that the Court does not necessarily have to impose a fine --
10   a term of supervised release up to three years -- between
11   two and three years -- minimum two years, maximum three
12   years, and a $100 special monetary assessment.
13            That is what the law provides.  Do you understand
14   that?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Are you presently serving any other
17   sentence?
18            THE DEFENDANT:  I was under supervised release.
19            THE COURT:  From a judgment and sentence here in
20   Federal Court?
21            MR. BOWER:  Yes, Judge.
22            THE COURT:  In Puerto Rico?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Are you still -- the other case, are
25   you still under supervised release?
```

1        MR. BOWER: Yes, Judge. We have a pending
2   revocation proceeding.
3        THE COURT: Okay. Let me explain the following:
4   Since you are serving under supervised release on another
5   judgment, sentence, if you are sentenced in this case prior
6   to the revocation hearing of the other case, then the
7   sentence I would impose would be concurrently, but if you
8   are revoked in the other case first, and then I sentence
9   you, then I would have the choice of sentencing you
10  concurrently or consecutively.
11       If I were to sentence you concurrently, it would
12  mean that if you are revoked, your supervised release in the
13  other case, and sent back to prison, if the sentence imposed
14  in this case were concurrent, it would mean that both
15  sentences would be serving at the same time. In other
16  words, literally, they would be joined together. But if I
17  were to sentence you consecutively in this case to the
18  sentence that were imposed after revocation in the other
19  case, then you would first finish serving that other
20  sentence and then start serving this sentence. The effect
21  of such -- consecutively would be that this sentence would
22  be added on, for all practical purposes, to the sentence in
23  the other case. Do you understand that?
24       THE DEFENDANT: Yes.
25       THE COURT: Has anybody threatened you in any way

```
 1   to induce you to plead guilty?
 2              THE DEFENDANT:  No.
 3              THE COURT:  Is anybody forcing you or harassing
 4   you or in any other way forcing you to plead guilty?
 5              THE DEFENDANT:  No.
 6              THE COURT:  Has anybody offered you any rewards or
 7   other things of value to get you to plead guilty?
 8              THE DEFENDANT:  No.
 9              THE COURT:  Has anyone told you what specific
10   sentence the Court will impose in this case?
11              THE DEFENDANT:  No.
12              THE COURT:  Now, I have a document in front of me
13   which is the indictment.  It has one count, charges you with
14   a felon in possession of a firearm.  And I want to advise
15   you that if at the time of sentence, at the sentencing
16   hearing, there is a recommendation made as to the sentence
17   to be imposed, that I am not bound by any recommendation
18   made either by your attorney or the Government's attorney,
19   and that I can impose any sentence up to the maximum of ten
20   years that you know of.  Do you understand that?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Also I have to explain to you that if
23   the sentence imposed by this Court turns out to be higher
24   than any one you might be expecting, that reason alone will
25   not be grounds for the Court to allow you to withdraw your
```

plea of guilty, and you would still be bound by your plea agreement. Do you understand that?

THE DEFENDANT: Yes.

MR. BOWER: Judge, I'm sorry to interrupt. There is no plea agreement in this particular case. This is --

THE COURT: Okay. I mentioned plea agreement. I'm sorry.

You would still be bound by your allegation of guilty. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Also I want you to understand that I am -- since I am not bound by any recommendation or stipulations, that I have authority and discretion to impose any sentence up to the maximum of ten years. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Has your attorney explained to you that parole has been abolished, and that you will have to serve whatever term of imprisonment is imposed by the Court without being released on parole?

THE DEFENDANT: Yes.

THE COURT: Did he also explain to you that at the time of sentence, I will have a presentence report in front of me, you will have a copy, and so will the Government, and that each party will have an opportunity to make any

1  comments on the report?

2  THE DEFENDANT: Yes.

3  THE COURT: Did he also explain to you that during
4  the sentencing hearing, you will have an opportunity to
5  address the Court in what we call allocution, and there you
6  can present to the Court any information or facts which you
7  would want the Court to have and use that information in
8  mitigation of punishment?

9  THE DEFENDANT: Yes.

10  THE COURT: You are charged in Count One of this
11  case that on or about February the 1st, 2017, here in the
12  District of Puerto Rico, you, having been convicted of a
13  crime punishable by imprisonment for a term exceeding one
14  year, did knowingly possess in and affecting interstate
15  commerce a firearm, that is, one Smith & Wesson pistol,
16  .40 caliber, in violation of the laws of the United States.

17  That is what you are charged with in Count One,
18  and I ask you, is that what you did?

19  THE DEFENDANT: Yes.

20  THE COURT: And that is what you are pleading
21  guilty in Count One?

22  THE DEFENDANT: Yes.

23  THE COURT: And also the indictment contains
24  allegations of forfeiture, which means that upon conviction
25  for the offense charged in Count One, you shall forfeit to

1    the United States the firearm that was involved in the
2    commission of the offense.  Do you understand that?
3              THE DEFENDANT:  Yes.
4              THE COURT:  Now, in this case, originally you had
5    filed a motion to suppress evidence, and the Court had set
6    the hearing for suppression to be held this morning.
7    Recently, I received a motion from your attorney in which it
8    states that you want to withdraw your motion to suppress and
9    proceed to a change of plea, a straight plea, to the charges
10   contained in Count One of the indictment.  Is that correct?
11             THE DEFENDANT:  Yes.
12             THE COURT:  And that was your wish that you
13   expressed to your attorney, to vacate or to not hold the
14   motion to suppress?
15             THE DEFENDANT:  Yes.
16             THE COURT:  All right. Do we have a summary of
17   the evidence in the possession of the Government?
18             MR. HENEK:  Yes, Your Honor.  The evidence is that
19   on February 1, 2017, two Police of Puerto Rico agents of the
20   Carolina Highway Patrol Unit conducted a traffic stop of a
21   black Toyota Tacoma --
22             THE COURT:  Slowly.
23             MR. HENEK:  On February 1, 2017, two Police of
24   Puerto Rico agents of the Carolina Highway Patrol Unit
25   conducted a traffic stop of a black Toyota Tacoma pickup

```
 1   truck on suspicion of illegally tinted windows.  As the
 2   officers approached the vehicle, one officer approached
 3   alongside the driver's side while the other approached
 4   alongside the passenger side.  The officer who approached
 5   alongside the passenger side used a flashlight to look
 6   inside the vehicle and observed, in plain view, laying on
 7   top of the right front passenger seat, what was described as
 8   a silver colored firearm.
 9             Upon learning of the firearm, the officer on the
10   driver's side asked the driver if he had a firearms permit,
11   to which the driver responded no.  The driver was
12   immediately arrested and was subsequently identified as the
13   defendant, Alexys Ivan Rivera-Cuevas.
14             From the vehicle, Police of Puerto Rico agents
15   seized the firearm initially observed, described as a loaded
16   .40 caliber Smith & Wesson pistol, model 4013 TS, bearing
17   serial number MSF 6060, along with seven rounds of assorted
18   ammunition.
19             Further investigation revealed that the firearm
20   had been transported in interstate commerce, and that the
21   defendant, Mr. Rivera-Cuevas, had previously been convicted
22   of a crime punishable by a term of imprisonment exceeding
23   one year.  Specifically, Mr. Rivera-Cuevas was sentenced in
24   the U.S. District Court of Puerto Rico --
25             THE COURT:  That's not necessary.
```

1      MR. HENEK:  Your Honor, that sentence has not been
2  pardoned or expunged.
3              And at trial, the United States would have proven
4  beyond a reasonable doubt that Mr. Rivera-Cuevas is guilty
5  as charged in Count One of the indictment.  This would have
6  been proven through physical and documentary evidence,
7  including, but not limited to, live testimony of Police of
8  Puerto Rico agents, expert and other witnesses, evidence
9  recovered at the scene, including the firearm and
10 ammunition, photographs, documents, and other physical
11 evidence.  And, Your Honor, discovery was timely made
12 available for Defendant to review.
13             THE COURT:  Counsel, did you receive discovery
14 from the Government?
15             MR. BOWER:  I did.
16             THE COURT:  And did you discuss this evidence with
17 your client?
18             MR. BOWER:  We did.  I did.
19             THE COURT:  Mr. Rivera, after discussing the
20 evidence that was discovered by the Government to you
21 through your attorney, do you agree with the evidence in the
22 possession of the Government as to what you did in this
23 Count One?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Having advised Defendant of his

1  rights, the fact that he is waiving them by pleading guilty,
2  I find he is acting voluntarily, full knowledge of the
3  consequences.  There is a basis in fact for the plea.  A
4  judgment of guilty shall be entered as to Count One of the
5  indictment.  The Court will request a presentence report.
6         Sentence is set -- Counsel, is the first week of
7  December okay for you, since you have to travel from
8  stateside?
9         MR. BOWER:  Yes, Your Honor, it is.
10        THE COURT:  Which day of the week?
11        MR. BOWER:  As of right now, I have nothing the
12 entire week.  If you could do it towards Thursday or Friday,
13 that would be helpful to me.
14        THE COURT:  Which one?  I will be here so -- you
15 are the one that's coming in.
16        MR. BOWER:  Thursday, December 7th.
17        THE COURT:  Okay.  10:00 a.m.
18        MR. BOWER:  Yes.
19        THE COURT:  All right.  If later on, anything
20 appears that would impede you from -- or not let you appear
21 on said date, let me know, and we can always work around it.
22        MR. BOWER:  Thank you, Judge.
23        Judge, I would like to thank you for rescheduling
24 this hearing at least a couple of times.  I didn't delay or
25 ask for continuances in any way to try to just delay for no

1  reason.  It was related to inspection of evidence, which I
2  finally -- we were able to track down the actual vehicle
3  about only two to three weeks ago, because it wasn't in the
4  Government's possession anymore.  And so just as of about,
5  possibly, a week or so ago, we got results that we were
6  waiting for, both as to the vehicle and the phone.  And that
7  was kind of -- without going into much detail, that was the
8  reason for continually requesting rescheduling.
9             THE COURT:  Okay.  No problem with that.
10            Anything else at this time?
11            MR. BOWER:  No, Your Honor.
12            THE COURT:  All right.  So we will see you on
13  December the 7th, 10:00 a.m.
14            MR. BOWER:  Thank you, Your Honor.
15            MR. HENEK:  Thank you, Your Honor.
16            THE COURT:  Okay.
17            (PROCEEDINGS ADJOURNED AT 11:25 a.m.)
18
19
20
21
22
23
24
25

```
1  UNITED STATES DISTRICT COURT )
                                )  ss.
2  OF PUERTO RICO               )
```

3
4
5                    **REPORTER'S CERTIFICATE**
6
7
8       I, LISA O'BRIEN, do hereby certify that the above
9  and foregoing, consisting of the preceding 17 pages,
10 constitutes a true and accurate transcript of my
11 stenographic notes and is a full, true and complete
12 transcript of the proceedings to the best of my ability.
13      Dated this 18th day of September, 2017.
14
15                         S/Lisa O'Brien
                           Lisa O'Brien
16                         USDC Court Reporter