UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
SAN JUAN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Case No.:     3:17-cr-83-PG

ALEXYS RIVERA CUEVAS,

    Defendant.
_____/

## SENTENCING MEMORANDUM

COMES NOW, the undersigned counsel, on behalf of the Defendant, ALEXYS RIVERA CUEVAS, and files this his sentencing memorandum which encompass all remaining legal and factual objections, an 18 USC § 3553(a) analysis, all requests for mitigation, sentencing suggestions, and miscellaneous sentencing issues and, in support of said issues, states as follows:

I.    POSITION AS TO A REASONABLE SENTENCE FOR THE DEFENDANT

Based upon the various factors cited below and in the PSR, the Defendant moves this Court for a downward variant sentence from the advisory guideline range of 37-46 months, and requests that this court sentence him to a 24-month term of imprisonment to run concurrent with the revocation of supervised release sentence to be imposed by this Honorable Court in case 14-376 (PAD).

II.    PRE-SENTENCE INVESTIGATION REPORT - FACTUAL OBJECTIONS

    No factual objections remain.

III.    PRE-SENTENCE INVESTIGATION REPORT - LEGAL OBJECTIONS

No legal objections remain.

IV.     18 U.S.C. SECTION 3584 – "CONCURRENCY vs. CONSECUTIVE" ANALYSIS

The government takes the position that the United Sentencing Guidelines <u>require</u> a consecutive sentence of imprisonment in this case. This argument fails for two reasons: a) the guidelines are advisory and in every case are trumped by a conflicting federal statute; b) the guideline applicable to this case references that the Court by statute has the discretion to impose a concurrent sentence or a consecutive sentence, stated as follows in the "... Introductory Comments" to Part B of Chapter 7 "Violations of Supervised Release", United States Sentencing Guideline Manual:

> Under 18 U.S.C. § 3584, the court, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), including applicable guidelines and policy statements issued by the Sentencing Commission, may order a term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment. It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.

and; c) the "guideline" applicable to this case is actually not even a guideline, rather, it is a "policy statement" which in now way it binding upon the Court and in fact is less persuasive than a guideline, as stated below:

> (a)     <u>Guidelines versus Policy Statements</u>.
> At the outset, the Commission faced a choice between promulgating guidelines or issuing advisory policy statements for the revocation of probation and supervised release. After considered debate and input from judges, probation officers, and prosecuting and defense attorneys, the Commission decided, for a variety of reasons, initially to issue policy statements...
> ... (b)     <u>Choice Between Theories</u>.
> The Commission debated two different approaches to sanctioning violations of probation and supervised release.
> The first option considered a violation resulting from a defendant's failure to follow the court-imposed conditions of probation or supervised release as a "breach of trust." While the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust, imposition of an appropriate punishment for any new criminal conduct would not be the primary goal of a revocation sentence. Instead, the sentence imposed upon revocation would be intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment

for any new criminal conduct to the court responsible for imposing the sentence for that offense.

The second option considered by the Commission sought to sanction violators for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct....

... After lengthy consideration, the Commission adopted an approach that is consistent with the theory of the first option; <u>i.e.</u>, at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator...

Therefore, pursuant to 18 U.S.C. § 3584(a), the Court has the discretion to impose the sentence in this case concurrent with the sentence that this Court imposes for the revocation of supervised release at 14-376 (PAD).

V.  18 U.S.C. § 3553 - MITIGATION ANALYSIS

   A.  The Defendant requests that the Court impose a sentence that is sufficient but not greater than necessary to comply with the purposes of the Sentencing Reform Act as set forth in 18 U.S.C. § 3553(a).

   B.  As the guidelines are advisory, the Court is free to utilize 18 U.S.C. § 3553(a)(1), (3)-(7) in fashioning a reasonable sentence for the Defendant. These sections require that the sentence of a federal defendant reflect:

   1.  "The nature and circumstances of the offense and the history and characteristics of the defendant":

Regarding the nature and circumstances of the offense, the Defendant committed the crime of possession of a firearm by a convicted felon, which Mr. Rivera Cuevas acknowledges is a very serious offense. He is not accused of: using the firearm in any way in the commission of another crime; a violent crime in and of itself; nor drug trafficking of heroin and marijuana as he was convicted of previously. Additional information will be provided at sentencing regarding the nature and circumstances of the offense.

Regarding the history and characteristics of Mr. Rivera Cuevas, the PSR adequately sets forth his upbringing which will be highlighted at the time of sentencing. Mr. Rivera Cuevas does have a prior felony conviction, but he only has <u>one</u> prior arrest - which is the subject of the revocation of supervised release case, and no prior juvenile arrests or convictions.

2. "The need for the sentence imposed:

   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   b. to afford adequate deterrence to criminal conduct;

   c. to protect the public from further crimes of the defendant;

   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner":

The defense submits that a 24-month imprisonment sentence followed by supervised release is sufficient punishment to accomplish these objectives of sentencing, especially considering that it is <u>twice as long</u> as the previous imprisonment sentence imposed upon him for his prior felony conviction.

3. "The kinds of sentences available":

The Court may impose a sentence of imprisonment on a consecutive basis or a concurrent basis as set forth and explained above. The defense submits that an appropriate sentence here is a concurrent sentence to the sentence imposed in his revocation of supervised release case.

4. "The need to avoid unwarranted sentencing disparity among defendants with similar records and similar crimes":

The defense reserves the right to argue this factor at the time of sentencing.

5. The need to provide restitution to any victims of the offense.

Not applicable to the instant case.

VI. SUGGESTED SENTENCE

Based upon the various factors cited above and in the PSR, Mr. Rivera Cuevas moves this Court for a downward variant sentence from the advisory guideline range of 37-46 months, and requests that this court sentence him to a 24-month term of imprisonment to run concurrent with the revocation of supervised release sentence to be imposed by this Honorable Court in case 14-376 (PAD).

VII. REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

Mr. Rivera Cuevas respectfully requests:

A) that the Court recommend confinement as a first choice at FCI Coleman Low and secondly FCI Miami, based upon proximity to his family who reside in Orlando, Florida;

B) that the Court recommend that he be permitted to participate in electricity classes as well as English classes, the basis for both requests being to enhance his job opportunities upon release from prison.

C) that page two of the PSR be amended to read that the arrest date was February 1, 2017, the date that is confirmed at ¶7 of the PSR;

D) that Mr. Rivera Cuevas be given credit for time served commencing on the date of his arrest, February 1, 2017.

WHEREFORE, the Defendant, ALEXYS RIVERA CUEVAS, by and through his undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

Respectfully submitted,

By: /s/ Tim Bower Rodriguez
Tim Bower Rodriguez, Esquire
Puerto Rico Federal Bar No.: 300809
Tim Bower Rodriguez, PA
601 N. Ashley Drive #310
Tampa, Florida 33602
Direct: (813) 384-7555
Facsimile: (866) 203-2532
Email: t@bowerrodriguez.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on April 5, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to the electronic mail addresses of record.

By: /S/ Tim Bower Rodriguez